# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

_____

**IN RE:**

    Michael Scott Ward

            **CASE NO.  13-32239**
    **Debtor-in-Possession**    **CHAPTER 11**

# ==FOURTH== AMENDED CHAPTER 11 PLAN OF REORGANIZATION
## ==June 22, 2015==

William E. Maddox, Jr.
**WILLIAM E. MADDOX, JR. LLC**
P.O. Box 31287
Knoxville, TN 37930
(865) 293-2953
wem@billmaddoxlaw.com

Attorney for Michael Scott Ward
Debtor In Possession

## TABLE OF CONTENTS

==ALL CHANGES TO THE CURRENT AMENDED PLAN HIGHLIGHTED IN YELLOW==

**Table of Contents** ..................................................................2

**Definitions** ..........................................................................4

**Summary of the Plan** ..........................................................6

**Article I** – Classification of Claims ...................................6

    Class 1 – Administrative Claims .................................6

    Class 2 – Internal Revenue Service ............................7

    Class 3 – Knox County Trustee ..................................7

    Class 4 – Knox County Trustee ..................................7

    Class 5 – Chip Miller ..................................................7

    Class 6 – M&T Bank...................................................7

    Class 7 – Region's Bank .............................................7

    Class 8 – RREF RB SBL-TN, LLC and Household Finance..8

    Class 9 – Citizen's National Bank and Region's Bank………8

    Class 10 – General Unsecured Non-Priority Creditors………8

**Article II** – Impairment of Classes .....................................8

*Article III – Treatment of Classes* .........................................9

    Class 1 – Administrative Claims .................................9

Class 2 – Internal Revenue Service ........................................... 9

Class 3 – Knox County Trustee ................................................ 9

Class 4 – Knox County Trustee ................................................ 10

Class 5 – Chip Miller, Trustee ................................................. 10

Class 6 – M&T Bank ................................................................ 11

Class 7 – Regions Bank………………………………………….. 11

Class 8 – RREF RB SBL-TN LLC and Household Finance…11

Class 9 – Citizen's National Bank and Regions Bank……….. 12

Class 10 – General Unsecured, Non-Priority Creditors……... 12

**Article IV** – Implementation of the Plan ....................................... 12

*Article V – Executory Contracts* ...................................................... *13*

*Article VI – Miscellaneous* ............................................................. *13*

Signatures ............................................................................... 13

Certificate ............................................................................... 14

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

**IN RE:**

**MICHAEL SCOTT WARD**                    CASE No. **13-32239**

Debtor-in-Possession                    Chapter 11

## CHAPTER 11 PLAN OF REORGANIZATION

Michael Scott Ward, Debtor and Debtor and Debtor In Possession in this Chapter 11 case, hereby proposes the following Plan of Reorganization pursuant to the provisions of Chapter 11, Title 11, United States Code:

## DEFINITIONS:

Terms, when used in the plan, shall have the following meanings unless the context requires otherwise:

1. **Case.** The case for reorganization commenced by voluntary petition under Chapter 11 on **June 15, 2013**, now pending in this Court assigned case number **13-32239**

2. **Chapter 11.** Chapter 11 of the United States Bankruptcy Code (Title 11, United States Code).

3. **Claim.** Claim shall mean as follows as may be applicable:

    (i)    A right to payment as finally allowed by the Court pursuant to §502 of the Bankruptcy Code, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or

    (ii)   A right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, as finally allowed by the Court pursuant to §502 of the Bankruptcy Code.

4. **Class.** A class of holders of legally similar claims or interests described in the Plan.

5. **Code.** The United States Bankruptcy Code, 11 U.S.C. §101, et seq.

6. **Confirmation of the Plan, or Confirmation.** The entry of an Order of the United States Bankruptcy Court for the Eastern District of Tennessee at Greeneville, confirming the Plan in accordance with Chapter 11 of the Code which becomes non-appealable.

7. **Court.** The United States Bankruptcy Court for the Eastern District of Tennessee at Greeneville, presiding over this case.

8. **Creditor.** Any entity that has or holds a claim against one or both Debtors that arose at any time prior to confirmation of the Plan.

9. **Debtor/Debtor In Possession.** Michael Scott Ward citizens of the State of Tennessee residing in Knox County.

10. **Effective date of the Plan.** The date upon which the Order confirming the Plan becomes non-appealable.

11. **Executory Contract.** Any contract, purchase order, agreement or unexpired lease concerning which the Debtors are a party and which is executory pursuant to 11 U.S.C. §365.

12. **Plan, Plan of Reorganization or Amended Plan.** The Plan of Reorganization filed pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code, as it may be amended from time to time.

13. **Proponent of the Plan.** Michael Scott Ward, the Debtor in this case.

14. **Secured Creditor.** A creditor which holds a lien, security interest, or other encumbrance properly perfected as required by law with respect to any real or personal property

owned by the Debtors and to the extent of the value of such creditor's interest in the Debtors' property.

## SUMMARY OF THE PLAN:

In compliance with the requirements of §1123 of the Code, this Plan provides the following:

1. **Article I** designates classes of claims, subject to §1122, other than claims of the kind specified in §§507(a)(1), 507(a)(2) or 507(a)(7) of the Code, and classes of interest.

2. **Article II** specifies the classes of claims or interests that are not impaired under the Plan.

3. **Article III** specifies the treatment of each class of claims or interest under the Plan, and provides the same treatment for each member of a particular class unless the holder of a claim or interest within a class agrees to a less favorable treatment of such claim or interest.

4. **Article IV** provides adequate means for the implementation of the Plan.

5. **Article V** addresses executory contracts which may have not yet been assumed or rejected.

6. **Article VI** addresses miscellaneous provisions of the Plan.

## ARTICLE I
## CLASSES OF CLAIMS AND INTERESTS

### CLASSIFICATION OF CLAIMS AND INTEREST:

**Class 1.** Class 1 consists of priority claims specified in §507(a)(1) [administrative expense claims arising during Chapter 11] in the amounts allowed or to be allowed by the

Bankruptcy Court and compensation of professional persons upon approval by the Court pursuant to 11 U.S.C. §§330 and 331.

**Class 2.** Class 2 consists of the pre-petition priority claim of the **Internal Revenue Service** filed as Claim #4 in the amount of $46,880.35 with $33,673.47 designated as a priority debt.

**Class 3.** Class 3 consists of the pre-petition priority of **Knox County Trustee** filed as Claim #6 in the amount of $1400.12 as property taxes on a lot to be surrendered.

**Class 4.** Class 4 consists of the pre-petition priority claim of **Knox County Trustee** filed as Claim #7 in the amount of $17,136.21 for tangible personal property taxes.

**Class 5.** Class 5 consists of the pre-petition priority claim of **Chip Miller** filed as Claim #3 in the amount of $142.00 for property taxes on a lot to be surrendered.

**Class 6.** Class 6 consists of the pre-petition secured claim of **M&T Bank**, filed as Claim #14 in the amount of $82,565.50 which consists of the first mortgage on the debtor's residence.

**Class 7** Class 7 consists of the pre-petition secured claim of **Region's Bank**, filed as Claim #11 in the amount of $162,481.32 which consists of the second mortgage on the debtor's residence.

**Class 8 (a)** Class 8 consists of the pre-petition secured claims of **RREF RB SBL-TN, LLC,** Claim #17 in the amount of $33,354.39 and consists of the third mortgage on the debtor's residence

**Class 8 (b)** **Household Finance (not filed)-** This creditor's claim consists of the fourth mortgage on the debtor's residence.

**Class 9** Class 9 consists of the pre petition secured claims of **Citizen's National Bank**, Claim #18**,** in the amount of $19,028.22 and **Region's Bank (not filed)-** These creditors' claims represent the first mortgages on two separate lots owned by the debtor

**Class 10** Class 10 consists of the pre-petition general unsecured, nonpriority debts of the debtors, including the non priority portion of the I.R.S. debt. These debts are :

| | |
|---|---|
| 1 Discover Bank, Claim #1 | $9487 |
| 2 Asset Acceptance LLC, Claim #2 | $3078.27 |
| 3 Capital One Bank (USA) N.A., Claim #5 | $1054.75 |
| 4 Summit Medical Group, Claim #8 | $217.47 |
| 5 Deno Cole, Claim #9 | $55,000.00 |
| 6 Mercy Medical Center, Claim #10 | $4837.72 |
| 7 American Express Bank FSB, Claim #12 | $10,986.00 |
| 8 American Express Bank FSB, Claim #13 | $17,451.72 |
| 9 American InfoSource, Claim #15 | $189.52 |
| 10 Portfolio Recovery Associates, Claim #16 | $3912.65 |
| 11 RREF NO LONGER IN THIS CLASS | |
| 12 Cach LLC, Claim #19 | $15,758.43 |
| 13 I.R.S. Claim #4, non priority portion | $13,206.88 |
| 14 Household Finance | |

# ARTICLE II
## IMPAIRMENT OF CLASSES

Classes 1 and 6 are unimpaired.  Classes 2, 3, 4, 5, 7,8a, 8b 9 and   10 are impaired.

# ARTICLE III
## TREATMENT OF CLASSES

Class 1.  **Administrative Claims and Professional Fees**

The Debtor will pay all **Administrative Claims, including U.S. Trustee fees,** except for professional fees and expenses prior to confirmation of the Plan. Any administrative expenses which have accrued, but which are not yet due at the time of confirmation, will be paid in the

ordinary course of the Debtor's business at or prior to the time they become due. The Debtor knows of no unpaid administrative claims except for professionals. This class is not impaired.

Class 2. **Internal Revenue Service**: Class 3 consists of the **Internal Revenue Service.** This claim is to be bifurcated into two parts. The priority portion ($33,673.47) will be paid in quarterly installments over a period of 60 months from the effective date at 3% interest so that the priority claim is paid out over 60 months. The remainder of non priority ($13,206.88) will be paid along with the rest of Class 10. This class is impaired.

It shall be an event of default under the plan if any of the following shall occur:

(A) If the Debtor fails to make to the Internal Revenue Service, or other Class 2 claim holder, any payment required by the confirmed plan of reorganization, any deposits of any currently accruing employment tax liability, or any payment of any tax to the Internal Revenue Service within 20 days of the due date of such deposit or payment, or if the Debtor fails to file any required federal tax return by the due date of such return and pay any outstanding tax liability shown on the return at the time the return is filed, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the debtor is in default.

(B) If the United States, or other Class 2 claim holder, declares the Debtor to be in default of the Debtor's obligations under the plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor.

(C) If full payment is not made within 10 days of such demand, then the Internal Revenue Service, or other Class 2 claim holder, may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.

Class 3. **Knox County Trustee**   Class 3 consists of the property tax claim on the lot on Montlake Drive in Knox County, Tennessee. This property is to be surrendered back to the lienholder, **Region's Bank** and therefore no payments to this class will be made by the debtor. This class is impaired.

<u>Class 4</u>. **Knox County Trustee**   Class 4 consists of the pre-petition priority taxes. This priority debt is disputed. This debt is allegedly for personal tangible property and Knox County has sued the debtor. The debtor has filed a response in state and the matter has not been adjudicated. The debtor will be objecting. This class is impaired.

<u>Class 5</u>. **Chip Miller, Trustee** Class 5 consists of the property tax claim on the lot on Tellico in Loudon County, Tennessee. This property is to be surrendered back to the lienholder, **Citizen's National Bank** and therefore no payments to this class will be made by the debtor. This class is impaired.

<u>Class 6</u> **M&T Bank,**  Class 6 consists of **M&T Bank**  who holds the first mortgage on the debtor's residence. The debtor will begin upon confirmation to resume the pre-petition monthly payments of $625. In addition, the previous mortgage holder, Chase Bank, is holding $7852 in escrow from an insurance claim. The debtor will work to send those funds to M&T to cure any pre or post petition arrearages. The lien and the debt survive the discharge. This class is not impaired.

<u>Class 7</u>, **Regions Bank,**   Class 7 consists of **Region's Bank** who holds the second mortgage on the debtor's residence. The debtor will continue the payments of $955 per month for a period of 84 months until a balloon note is due. The lien and the debt survive the discharge. This class is impaired.

<u>Class 8</u> (a)**RREF RB SBL-TN, LLC,** The Claim of RREF will be allowed as a fully secured claim, together with post-petition interest, attorneys fees, costs of litigation, as shown in Exhibit A, attached hereto.  RREF shall retain the lien securing its Claim subject to the same terms and conditions as existed pre-petition, except as modified herein. The Claim of RREF shall be paid by the Debtor in monthly payments of accrued interest at the contract rate of 8.25% interest (according to the accrual methods set forth in the existing loan documents), due on the tenth of each month

beginning no later than June 10, 2015, with all amounts due and payable thirty months after the Effective Date. Provided that the Debtor is otherwise in compliance with the terms of the treatment of Class 8A, RREF will accept in full satisfaction of its Claim the sum of $31,000 within 12 months of the Effective Date or the sum of $33,000 between 12 months and 18 months of the Effective Date. The monthly interest payments will be $200.00 per month. The debtor believes he will be able to secure financing to fund these discounted amounts after receiving final decree.

Class 8 (b)**Household Finance**, Class 8 (b) consists of **Household Finance** who hold the fourth mortgage on the debtor's residence. No equity exists for the debt to be treated as secured therefore their lien will be stripped. These liens are not subject to any discharge exception, but are completely unsecured and, are therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan in Class 10 if they file a claim; and, the liens shall be released by the creditor not later than 30 days after the completion of the plan and discharge of debtor(s). This class is impaired.

Class 9, **Citizens National Bank and Regions Bank**, Class 9 consists of **Citizens National Bank and Regions Bank** who respectively hold the first mortgage on the undeveloped lots on Montlake in Knox County and Tellico in Loudon County. These properties will be surrendered back to the lenders in full satisfaction of the debt as they contain no equity that would benefit the estate. This class is impaired.

Class 10, **General Unsecured, Non priority creditors-** These 12 creditors will be paid, pro rata, from quarterly payments made by the debtor in the amount of $844 a quarter. The debtor estimates this class will receive a dividend of 24% of their claims. In addition, this class will be paid any proceeds out of the debtor's lawsuit against Knox County schools up to the point where they have been paid in full. This class is impaired

# ARTICLE IV
# IMPLEMENTATION OF THE PLAN

During the periods before the Effective Date and after the Effective Date, the Debtor will continue to operate his business, work his new job and pursue the lawsuit against the Knox County Schools. The funds to implement the plan will come from several sources. Primarily the funds shall come from the Debtor's income in his new job with Segregation Holding, LLC. The Debtor also anticipates income from his own business Feredonna Communications. Finally, the debtor shall continue to pursue his lawsuit against the Knox County Schools.

The Debtor shall be required to fulfill every obligation placed upon him by this Plan following Confirmation. The Debtor shall timely file all operating reports until a Final Decree is entered. The Debtor shall continue to remain current in all post-petition state and federal taxes and shall timely file all necessary returns.

# ARTICLE V
# EXECUTORY CONTRACTS

The Debtor has no executory contracts at this time.

# ARTICLE VI
# MISCELLANEOUS

Upon approval by the Court, this Plan will be submitted to a vote by the creditors. As a creditor, you may vote to accept or to reject the plan. 11 U.S.C. §1126(c) governs whether a class of creditors has voted to accept the plan. In general, a class of creditors votes to accept the plan if more than one-half in number of claims and two-third's in amount of the allowed claims of the

class vote to accept the plan. If a class does not vote to accept the plan, the court may nevertheless approve the plan if an impaired class of non-insider creditors votes to accept the plan and the court finds that the plan is fair and equitable.

The following events must be completed before the Debtor and the U.S. Trustee may submit an Agreed Final Decree pursuant to Fed. R. Bankr. P. 3022:

a. The confirmation order has become final;
b. The Debtor has assumed the business or the management of the property dealt with by the plan;
c. All U.S. Trustee quarterly fees have been paid;
d. There are no pending motions, contested matters, or adversary proceedings; and
e. Payment has been completed under the plan.

A Final Decree cannot be entered until all adversary proceedings and contested matters are resolved. At this time, none are pending.

If a Final Decree is entered before completion of all payments under the plan, the Debtor shall be authorized to seek an order re-opening the case upon completion of all plan payments for the purpose of the entry of his discharge.

After the Effective Date and until the entry of a final decree closing the Case, the Bankruptcy Court shall retain jurisdiction over the Case and any proceedings arising from, or relating to, the Case to the fullest extent permitted by the Bankruptcy Code and any other applicable law.

Respectfully Submitted,

*/s/Michael Scott Ward*
Michael Scott Ward

*/s/ William E. Maddox, Jr.*
William E. Maddox, Jr.

BPR #017462
Attorney for Debtor
**William E. Maddox, Jr. LLC**
**P.O. Box 31287**
Knoxville, TN 37930
(865) 293-4953
wem@billmaddoxlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served upon the indicated parties by placing a copy thereof, first class postage prepaid, email or ECF transmission this May 14th, 2015:

United States Attorney's Office            ECF
Howard H. Baker Jr. U.S. Courthouse
800 Market Street, Suite 211
Knoxville, Tennessee 37902

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346


Daniel Sanders
Deputy Law Director
Attorney for the Knox County Trustee
PO Box 70
Knoxville TN 37901

Knox County Law Director
400 Main St, Suite 612
Knoxville, TN 37902

Joe Prochaska ECF

                                               */s/ William E. Maddox, Jr.*
                                               Attorney